**JACKSON LEWIS LLLC**
ANDREW L. PEPPER   5141-0
1088 Bishop Street
Suite 4100
Honolulu, HI 96813
Telephone:  (808) 526-0404
Facsimile:  (808) 744-7972
Email:       Andrew.Pepper@JacksonLewis.com

Attorney for Defendant
KOHALA INSTITUTE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KYRA K.I.L. VELEZ,<br><br>   Plaintiff,<br><br>vs.<br><br>BENNETT DORRANCE JR.; ONE HEART; KOHALA INSTITUTE<br><br>   Defendants. | CIV NO.: 21-00338 DKW-KJM<br><br>DEFENDANT KOHALA INSTITUTE'S ANSWER TO COMPLAINT; CERTIFICATE OF SERVICE |

**DEFENDANT KOHALA INSTITUTE'S
ANSWER TO COMPLAINT**

Defendant Kohala Institute, further identified in ¶ I.B of the Complaint as "Kohala Institute at 'Iole ("Defendant" or "Kohala Institute") hereby answers the Complaint ("Complaint") filed by Plaintiff Kyra K.I.L. Velez ("Plaintiff") on August 11, 2021, as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

2. Given Plaintiff's failure to follow the claim separation, numbering, and clarity requirements of Fed. R. Civ. P. 10(b), coupled with Plaintiff's failure to attach the factual statement(s) required by Section III.E of *Pro Se* Form No. 7 (such factual statements being indicated falsely as being "attached" to the Complaint although, in fact, they were not attached), Defendant enters a general denial of all negative, accusatory, and/or factually rhetorical claims, allegations, statements, rhetoric, or averments contained in the Complaint and states that any and all negative, accusatory, and/or factually rhetorical claims, allegations, statements, rhetoric, or averments contained in the Complaint are expressly and unequivocally DENIED.

## THIRD DEFENSE

3. Any and all allegations, statements, rhetoric, or averments contained in the Complaint and not otherwise addressed herein are DENIED.

## FOURTH DEFENSE

4. Plaintiff's claims are subject to a mandatory contractual arbitration agreement such that this matter must be stayed (or dismissed) and the case must be

compelled into binding arbitration, subject only to this Court's jurisdiction to confirm an arbitral award.

## FIFTH DEFENSE

5. Plaintiff was an at-will employee and each and every decision regarding Plaintiff was based on legitimate, legal, and non-discriminatory criteria and/or facts and/or information and/or perceptions, not connected with or based on any legally protected category applicable to Plaintiff.

## SIXTH DEFENSE

6. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

7. The imposition of unlimited punitive damages is unconstitutional because imposition of unlimited punitive damages would violate the due process clause of the Fourteenth Amendment of the United States Constitution and/or would exceed the limitations on punitive damages as delineated by United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and subsequent applicable caselaw.

## EIGHTH DEFENSE

8. Defendant intends to rely on any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

## NINTH DEFENSE

9. Defendant asserts that, upon information and belief, that Plaintiff is not a "qualified individual" with a "disability," as those terms are defined in the Americans with Disabilities Act (42 U.S.C. §12111); and, therefore, is afforded no protection under the Americans with Disabilities Act (42 U.S.C. §12101, et seq.).

## TENTH DEFENSE

10. Defendant asserts that Plaintiff failed to exhaust mandatory administrative remedies (presentment) prior to filing this judicial action.

## ELEVENTH DEFENSE

11. Plaintiff failed to exercise reasonable diligence to mitigate Plaintiff's damages by subsequent earning or otherwise, if any damages in fact were suffered.

## TWELVTH DEFENSE

12. Neither Title VII of the Civil Rights Act of 1964, as codified as 42 U.S.C. §§ 2000e-2000e-17, the Americans With Disabilities Act of 1967, as codified as 42 U.S.C. §§ 12112 to 12117, the "Whistleblower Protection Act," the "Prohibition against retaliation & coercion," or the "OSH Act of 1970," (as delineated by Plaintiff as bases for this Court's jurisdiction over Plaintiff's claim of age discrimination), provide a basis for such jurisdiction.

## THIRTEENTH DEFENSE

13. Some or all of Plaintiff's claims are barred by the exclusivity of remedies provisions of the Hawaii Workers' Compensation Act.

## FOURTEENTH DEFENSE

14. Defendant reserves—and does not waive--the right to assert additional answers, arguments, affirmative defenses, and defenses as may appear applicable or become desirable to assert during the course of this litigation. Defendant reserves–and does not waive--the right to conform its answers, arguments, affirmative defenses, and defenses to the evidence in this case.

WHEREFORE, Defendant requests that:

1. The Complaint be dismissed with prejudice;

2. The Defendant be awarded its reasonable attorneys' fees and costs incurred in defending against the Complaint; and

3. The Court grants such further relief as it deems just, proper and equitable.

DATED: Honolulu, Hawaiʻi, September 22, 2021

/s/Andrew L. Pepper
ANDREW L. PEPPER
Attorney for Defendant,
KOHALA INSTITUTE