IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KYRA K.I.L. VELEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>BENNETT DORRANCE, JR.; ONE HEART LLC; KOHALA INSTITUTE AT ʻIOLE,<br><br>    Defendants. | Civil No. 21-00338 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

On August 11, 2021, Plaintiff Kyra K.I.L. Velez ("Plaintiff") filed a Complaint for Employment Discrimination. ECF No. 1. On October 8, 2021, Plaintiff filed a Motion for Entry of Default Judgment ("Motion") against Defendants Bennett Dorrance, Jr., and One Heart LLC (collectively, "Defendants"). ECF No. 22.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for Entry of Default Judgment.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the process for entry of default and default judgment:

> (a)   **Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b)   **Entering a Default Judgment.**
>
> > (1)   *By the Clerk.*  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2)   *By the Court.*  In all other cases, the party must apply to the court for a default judgment . . . .

Fed. R. Civ. P. 55(a)-(b).  The Ninth Circuit Court of Appeals has explained Rule 55 as requiring a "two-step process" consisting of:  (1) seeking the clerk's entry of default; and (2) filing a motion for entry of default judgment.  *See Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.").

Plaintiff has not sought entry of default against Defendants, and the Clerk of Court has not entered default against Defendants. Furthermore, subsequent to the filing of Plaintiff's Motion, Defendants filed an Answer to the Complaint on October 13, 2021. ECF No. 27. For these reasons, the Court recommends that the district court deny the Motion.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for Entry of Default Judgment (ECF No. 22).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 15, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*Velez v. Dorrance, et al.*, Civil No. 21-00338 DWK-KJM; Findings and Recommendation to Deny Plaintiff's Motion for Entry of Default Judgment