IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KYRA K.I.L. VELEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>BENNETT DORRANCE, JR., *et al.*,<br><br>    Defendants. | Case No. 21-cv-00338-DKW-KJM<br><br>**ORDER DENYING MOTION TO ORDER KOHALA INSTITUTE TO START ARBITRATION PROCEEDINGS AS COMPELLED BY THE COURT**[1] |

On August 11, 2021, Plaintiff Kyra Velez (Velez or Plaintiff), proceeding pro se, initiated this action with the filing of a Complaint against, among others, Defendant Kohala Institute (Kohala).  No. 1.  On September 22, 2021, Kohala filed a motion to compel arbitration.  Dkt. No. 18.  On October 20, 2021, Velez and Kohala entered into a stipulation granting the motion to compel arbitration to the extent it sought arbitration of claims as between the two.  Dkt. No. 32.

On April 11, 2022, Plaintiff, still proceeding pro se, filed the pending motion to order Kohala to start arbitration proceedings (motion).  Dkt. No. 43.  Plaintiff asserts that, although the Court entered a stipulation compelling arbitration, Kohala has not started the arbitration process.  *Id*. at 2.  Kohala has filed an opposition to

---

[1]Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

the motion, Dkt. No. 45, arguing that (1) this Court lacks jurisdiction to resolve the motion, and (2) it is Plaintiff's burden to start arbitration.[2]

At the very least, the Court agrees with Kohala's second argument.[3]  To be clear, simply because Kohala moved to compel arbitration of Velez's claims does not mean, as Velez appears to believe, that it is now Kohala's responsibility to start arbitration against itself.  Rather, just as Velez initiated this lawsuit, it is her responsibility as plaintiff/claimant/petitioner to start the arbitration proceeding against Kohala should she wish to pursue her claims against it.  It is that straightforward.  Therefore, the motion, Dkt. No. 43, is DENIED.

IT IS SO ORDERED.

Dated: May 4, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[2] Although Plaintiff had until May 2, 2022 to file an optional reply in support of the motion, *see* Dkt. No. 44, a reply was not (and has not) been filed.

[3] Because Kohala's second argument is a considerably more direct and clear way to address the concern raised in the pro se-filed motion, the Court declines to address Kohala's jurisdictional argument.